F I L E D
United States Court of Appeals
Tenth Circuit

MAR 16 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY R. GATEWOOD, JR.,

      Plaintiff-Appellant,

v.

TWYLA SNYDER,

      Defendant-Appellee.

No. 98-6392
(W. Dist. of Oklahoma)
(D.C. No. 97-CV-1797)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on *pro se* petitioner Jimmy Gatewood's application for a certificate of appealability and motion to proceed on appeal *in*

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*forma pauperis*. Gatewood seeks a certificate of appealability so that he can appeal the district court's denial of Gatewood's 28 U.S.C. § 2254 habeas petition. In his petition, Gatewood alleged that Respondents had violated his constitutional rights in the following two respects: (1) failing to give him good time credits for time spent in a federal penitentiary serving concurrent federal and state sentences; and (2) classifying him as a Level I, rather than Level II, prisoner upon his return to the state penitentiary to complete the remainder of his state sentence, thereby precluding his ability to earn future good time credits. After the case was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate issued a Report and Recommendation ("R&R") recommending that Gatewood's petition be dismissed. In particular, the magistrate noted that Gatewood had failed to identify any Oklahoma statute or precedent providing for the earning of good time credits while an Oklahoma prisoner is in federal custody. Furthermore, the magistrate concluded that Gatewood did not hold any right or liberty interest in a particular classification upon returning to the Oklahoma prison system upon completion of his federal sentence. Upon *de novo* review, the district court adopted the R&R. The district court also denied Gatewood a certificate of appealability and denied Gatewood's request to proceed *in forma pauperis* on appeal, finding that the appeal was not taken in good faith.

Gatewood is not entitled to appeal the district court's denial of Gatewood's § 2254 petition unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Gatewood is entitled to such a certificate only if he makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to satisfy this standard, Gatewood must demonstrate that the issues raised are debatable among jurists of reason, subject to a different resolution on appeal, or deserving of further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

This court has reviewed the R&R, the district court order, Gatewood's brief and supporting documents, Gatewood's application for a certificate of appealability, and the entire record on appeal. In light of that review, this court concludes that Gatewood has failed to make a substantial showing of the denial of a constitutional rights for substantially those reasons stated in the magistrate's well-reasoned R&R dated September 2, 1998. Accordingly, we **DENY** Gatewood's application for a certificate of appealability and **DISMISS** his appeal. Gatewood's motion to proceed *in forma pauperis* is hereby **DENIED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge